**Ester De LEON–LOPEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74527.
Agency No. A70–818–201.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 15, 2005.

Apt. 2, San Diego, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Marion E. Guyton, Esq., Nancy E. Friedman, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before GOODWIN, TASHIMA and FISHER, Circuit Judges.

MEMORANDUM **

Ester de Leon–Lopez, a native and citizen of Guatemala, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") order denying her application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination because de Leon–Lopez's testimony contradicted her asylum applications concerning significant details at the heart of her asylum claim. *See id.* at 1043. For example, de Leon–Lopez testified that she had received three threatening letters 13 or 14 years earlier because of her son's membership in the National Police. Yet in her asylum application, filed one year before her hearing, she stated that her son had been employed by the National Police for "the past 5 or 6 years." Also, de Leon–Lopez testified that she had no subsequent problems in Guatemala, whereas she stated in her second asylum application that she and her family had been targeted in 2001.

Because de Leon–Lopez failed to establish eligibility for asylum, she necessarily failed to meet the higher standard of proof for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

De Leon–Lopez also failed to establish eligibility for CAT relief because she did not show it was more likely than not that she would be tortured if removed to Guatemala. *See* 8 C.F.R. § 208.16(c)(2); *Farah v. Ashcroft,* 348 F.3d at 1157.

PETITION FOR REVIEW DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.